UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| XINYI JIANG,<br><br>                 Plaintiff,<br><br>     v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, LAURA ZUCHOWSKI, KENNETH T CUCCINELLI, and CHAD WOLF,<br><br>                 Defendants. | C20-1693 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on Defendants' Motion to Dismiss ("Motion"), docket no. 5.  Having reviewed all papers filed in support of, and in opposition to, the Motion, the Court enters the following Order.

**Background**

In 2011, Plaintiff Xinyi Jiang, a native and citizen of China, entered the United States on an F-1 student visa to pursue her master's degree at DePaul University.  Complaint at ¶ 14 (docket no. 1).  After graduation, Plaintiff completed a work-study program while working for J.P. Morgan Chase ("Chase").  *Id.* at ¶¶ 13, 15.  In or around June 2014, Plaintiff enrolled in the University of Northern New Jersey ("UNNJ") to pursue a second master's degree, and she continued to work for Chase as part of a work-

ORDER - 1

study program. *Id.* at ¶¶ 13, 16.  Unbeknownst to Plaintiff, UNNJ was a "sham" university created by the Department of Homeland Security "to catch unscrupulous brokers of student visas." *Id.* at ¶ 17.  Plaintiff alleges that she was pursuing a work-study program at UNNJ, so it was unnecessary for her to go to campus; thus, she did not learn that UNNJ was a sham university until months later.  *Id.* at ¶¶ 18, 21.

In April 2015, while Plaintiff was still working for Chase, she applied to change her nonimmigrant status from F-1 to H-1B, a type of specialized work visa; her application was approved by Defendant United States Citizenship and Immigration Services ("Agency").  *Id.* at ¶ 19.  Later that year, Plaintiff married another H-1B visa holder, and in December 2015, Plaintiff applied to change her nonimmigrant status from H-1B to H-4, as a derivative of her husband's H1-B status.  *Id.* at ¶ 20.[1]

In October 2020, the Agency denied Plaintiff's December 2015 application for a change in nonimmigrant status on both statutory and discretionary grounds ("Decision"). First, the Agency determined that Plaintiff failed to maintain her F-1 status while enrolled at UNNJ, reasoning that Plaintiff could not show that a work-study program at that university—which did not exist and thus offered no classes—was an "integral part of [her] established curriculum," as required under the applicable regulations.  Decision, Ex. 9 to Complaint (docket no. 1-13 at 4).  Second, the Agency determined "that the favorable factors in the record [did] not outweigh the severity of the adverse factor"— that Plaintiff "attended no classes" at UNNJ and failed to "make any academic progress

---

[1] While the December 2015 application was pending, Plaintiff filed at least one application to extend her H-4 status and an application to adjust her status to lawful permanent resident, as her husband's derivative.  *Id.* at ¶ 22.  Those applications remain pending before the Agency.  *Id.*

ORDER - 2

towards attaining a specific education or professional objective." *Id*. The Agency denied Plaintiff's application, concluding she failed to show "that a favorable exercise of discretion is warranted." *Id.*

In November 2020, Plaintiff filed this action against the Agency and the other Defendants, asserting that (1) the Agency's Decision violates the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 702, 706; and (2) the Agency is equitably estopped from denying the application. Complaint at ¶¶ 29–51. Defendants now move to dismiss Plaintiff's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**Discussion**

The Court is asked to decide whether the Immigration and Nationality Act ("INA") strips the Court of jurisdiction to review the Agency's discretionary decision to deny Plaintiff's application for a change of nonimmigrant status, made pursuant to 8 U.S.C. § 1258. The question is apparently one of first impression in this circuit; but the plain terms of the relevant statutory provisions, and the cases interpreting them, point to the inevitable conclusion that the Court lacks jurisdiction to review the Agency's Decision in this case.

Although there is a presumption in favor of judicial review of agency action, this presumption is overcome "when Congress expressly bars review by statute." *Perez-Perez v. Wolf*, 943 F.3d 853, 860 (9th Cir. 2019). The INA provides such a bar, which states:

> [N]o court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified in this subchapter to be at the discretion of the Attorney General or the Secretary of Homeland Security.

ORDER - 3

8 U.S.C. § 1252(a)(2)(B)(ii).  The statutory provision under which the Agency denied Plaintiff's application, 8 U.S.C. § 1258, is not expressly referenced in § 1252's jurisdiction-stripping provision, but it nonetheless grants the Agency discretionary authority.  Section 1258 provides:

> [t]he Secretary of Homeland Security may, under such conditions as he may prescribe, authorize a change from any nonimmigrant classification to any other nonimmigrant classification . . . .

8 U.S.C. § 1258(a).  The Ninth Circuit has long recognized § 1258's discretionary nature.  *See, e.g.*, *Patel v. Landon*, 739 F.2d 1455, 1457–58 (9th Cir. 1984).  Other courts addressing this particular question have concluded that "§ 1252(a)(2)(B)(ii) bars [courts] from reviewing the decision . . . to deny Plaintiff's application for a change of nonimmigrant status, as § 1258 "grants the [Agency] the discretion to adjudicate a change of nonimmigrant status."  *Youssefi v. Renaud*, 794 F. Supp. 2d 585, 590 (D. Md. 2011).

Indeed, it would be odd to conclude that the Court has jurisdiction to review discretionary denials of a change of status, when it unambiguously lacks jurisdiction to review discretionary denials of an adjustment of status to lawful permanent resident, which is governed by § 1255(a).  *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Hassan v. Chertoff*, 593 F.3d 785, 788–89 (9th Cir. 2010) (concluding judicial review of discretionary decisions governed by § 1255 is expressly precluded by § 1252(a)(2)(B)(i) and (ii)).  This is true even if the Agency *alternatively* denies relief as a matter of discretion.  *See Hosseini v. Gonzales*, 471 F.3d 953, 956 (9th Cir. 2006); *accord Vukov v. DHS*, 561 F. App'x 648, 649 (9th Cir. 2014).  The parallels between § 1255 and § 1258, both in

ORDER - 4

language and structure, persuade the Court that the INA strips it of jurisdiction to review discretionary decisions governed by § 1258.[2]

Plaintiff challenges that conclusion on the ground that § 1258, and the regulations implementing it, *see* 8 C.F.R. § 248.1, provide meaningful standards by which the Court can review the Agency's Decision. Response (docket no. 6 at 3 & n.1). Plaintiff, however, does not address the cases concluding, in apparent unanimous agreement, that § 1258 "grants the Agency the discretion to adjudicate a change of nonimmigrant status," rendering such decisions unreviewable. *Youssefi*, 794 F. Supp. 2d at 590; *see, e.g.*, *Kale v. INS*, 37 F. App'x 90, at *3 n.2 (5th Cir. 2002); *Tomeh v. DHS*, 2007 WL 9725019, at *6 & n.4 (C.D. Cal. May 4, 2007).

Plaintiff alternatively argues that the Agency did not "actually exercise[] its discretion in reaching" its Decision, as it merely restated its statutory ground for denying her application. Response (docket no. 6 at 3); *see, e.g.*, *L.A. Closeout, Inc. v. DHS*, 513 F.3d 940, 942–43 (9th Cir. 2008) (reviewing a § 1258 denial based on plaintiff's *ineligibility* for a change of status). The Court is simply unwilling to read the Agency's Decision—which balances the favorable and adverse factors informing its decision and expressly concludes that Plaintiff has "not established that a favorable exercise of discretion is warranted"—as anything but discretionary. Decision, Ex. 9 to Complaint (docket no. 1-13 at 4).

Nor is this a case in which the Agency's discretionary decision was "contrary to law." *Hernandez v. Ashcroft*, 345 F.3d 824, 846 (9th Cir. 2003). The Court is

---

[2] The Court also notes that the APA itself withdraws judicial review of agency actions "committed to agency discretion by law." 5 U.S.C. § 701(a)(1).

ORDER - 5

sympathetic to Plaintiff's position that because she was "trick[ed] into enrolling in" UNNJ, the Decision's reliance on that factor was misguided. Response (docket no. 6 at 9). The government itself, at one point, believed that UNNJ students "were the victims of fraud." *Fang v. ICE*, 935 F.3d 172, 178 (3d Cir. 2019). Nevertheless, the Court could not identify any authority concluding that the government's reliance on this factor—a nonimmigrant visa holder's unwitting enrollment in a sham university—would be an impermissible basis for denying an application for a change of status.

The Court GRANTS the Defendants' Motion to Dismiss, docket no. 5, because it lacks jurisdiction to review the Agency's Decision under Rule 12(b)(1).[3]

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The Motion to Dismiss, docket no. 5, is GRANTED. Plaintiff's claims are DISMISSED without prejudice for lack of jurisdiction.

(2) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 26th day of February, 2021.

Thomas S. Zilly
United States District Judge

---

[3] The Court therefore does not address Defendants' alternative arguments that the government is immune from suit with respect to the equitable estoppel claim, or that Plaintiff otherwise fails to state a claim under Rule 12(b)(6).

ORDER - 6